McCALEB, Justice.
 

 On the application of the plaintiff, we granted a writ of certiorari in the above numbered and entitled cause to review a decision .of the Court of Appeal for the Second Circuit which affirmed a judgment of the District Court of Caddo Parish rejecting the plaintiff’s demand for damages allegedly sustained by her as a consequence of an automobile accident which occurred on Travis Street in the City of Shreveport on November 23, 1940.
 

 The undisputed facts of the case disclose that about ten o’clock A. M. on the date above set forth, plaintiff’s Chrysler sedan was stopped on Travis Street at the corner of Marshall Street in obedience to. a traffic semaphore signal located at the intersection. While in this stationary position, the automobile was run into from the
 
 *426
 
 rear by a one-half ton Chevrolet truck owned by T. S. C. Motor Freight Lines, Inc., and operated by its employee, Peters. Plaintiff was pregnant at the time of the collision and the impact caused her body, to be thrown against the steering wheel of her car.
 

 The defendants to the suit are T. S. C. Motor Freight Lines, Inc., and its liability insurance carrier, Federal Underwriters Exchange of Galveston Texas. They concede that the accident occurred substantially as alleged by plaintiff and that the truck driver of the T. S. C. Motor Freight Lines was guilty of negligence. However, they resist any and all liability to the plaintiff on the ground that the collision was inconsequential and that the injuries complained of have no causal relation therewith.
 

 Plaintiff sues, for $10,237.52. The principal item of damage claimed by her is for premature birth and subsequent death of her child, which she alleges is attributable to the accident. She asserts that the injuries sustained by her caused the premature birth of the child seventeen days after the accident and that the child died thirty days thereafter as a consequence of its premature birth. For the loss of the child and the expenses resulting therefrom, plaintiff claims $7,706.25. Additionally, she maintains that she is entitled to receive $2,500 for her own personal injuries and $31.27 representing the damage to her Chrysler car.
 

 The District Court, after hearing the evidence in the case, rejected all of plaintiff’s demands and the Court of Appeal affirmed thi§ judgment on October 31, 1941. In its decision (7 So.2d 211) the Court of Appeal found that, since the evidence discloses that plaintiff’s husband died on March 3, 1940, or 282 days prior to the birth of her child, its birth could not be considered as premature; that, furthermore, the preponderance of the medical evidence sustains the defendants’ contention that the birth was not in fact premature and that, therefore, plaintiff is not entitled to recover for the death of the child. With regard to plaintiff’s personal injuries, the Court was of the opinion that the pains which plaintiff experienced immediately following the accident and for seventeen days thereafter naturally preceded and attended the birth of the child and had no causal connection with the accident. Respecting the property damage to plaintiff’s car, the Court held that this claim had not been proved with certainty.
 

 The record fully sustains the conclusion by the Court of Appeal that the plaintiff is not entitled to recover for the death of her child on the theory that it was born prematurely as a result of the accident. Plaintiff testified that this child was the issue of her marriage with her late husband who died on March 3, 1940. The child was not born until December 10, 1940, and hence the period of gestation was at least 282 days. The medical evidence shows that the usual period of gestation is 270 to 290 days and that the average time is 280 days. Under Article 187 of the Civil Code, it is conclusively presumed that a child born
 
 *428
 
 within 300 days of the dissolution of the marriage is the child of the husband. Notwithstanding this, plaintiff attempted to impeach her own testimony by offering medical evidence to the effect that the child was born 7% to 8 months after its conception. This she could not do and the Court of Appeal correctly refused to attach any weight to this evidence, which, at best, is conflicting with other expert proof tendered by the defendants.
 

 We, however, find that the District Court and the Court of Appeal erred as a matter of law in dismissing plaintiff’s suit in its entirety because there is evidence contained in the record, which is neither disputed nor discredited, establishing beyond any doubt that plaintiff suffered certain personal injuries as a result of the impact. Plaintiff testified that she was thrown against the steering wheel of her car when the impact occurred; that, immediately thereafter, she visited the office of her physician, Dr. W. P. Addison; that he examined her and recommended that she be confined to her bed; that, in accordance with his advice, she stayed at home and was intermittently confined to bed for a period of seventeen days, suffering severe pains in her stomach, back and neck until December 10, 1940, when her child was born. Plaintiff’s testimony is fully supported by the statement of her mother, Mrs. J. M. Westmoreland, and her physician, Dr. Addison. In -addition, Dr. J. A. Hendrick, a witness for the defendant corroborates the fact that she received personal injuries.
 

 Dr. Addison testified that plaintiff came to his office immediately after the accident complaining of severe pains in the back, neck and side; that she was unable to walk without assistance and that his examination revealed that she had suffered injuries to her stomach and back and a sprained neck. He further says that, from the date of the accident to the date of the birth of her child — or for seventeen days — she suffered off and on from labor pains; that the normal period of labor during pregnancy is 24 to 36 hours and that it is his opinion that the accident superinduced premature labor which lasted for an abnormal period.
 

 Dr. J. A. Hendrick, a defense witness, testified that he visited plaintiff seven days after the accident at the request of the defendant insurance company; that she complained of “spinal pains, and about the medial part”; that his examination revealed that she had a sprain of the fibers and muscles of her back and neck and that she also was experiencing soreness of the lower back and the abdominal region. He further declared that the injuries to the ligaments and muscles in plaintiff’s back and neck were of temporary duration and that they would ordinarily clear up within a short time.
 

 In view of this evidence, which is not contested, it is obvious that the plaintiff is entitled to be compensated for the personal' injuries she received. In refusing plaintiff’s demand in its entirety, the Court of Appeal predicated its conclusion upon the belief that the pains experienced
 
 *430
 
 by plaintiff immediately following the accident were a natural consequence of the fact that she was in the last stages of pregnancy. But this conclusion is not well founded as it overlooks the uncontradicted testimony to the contrary. The mere fact that the plaintiff suffered pains which were primarily caused by her condition is an insufficient predicate up'on which a belief can be based that all her pains and anguish are solely attributable to pregnancy, in the absence of any evidence to sustain it.
 

 The Court of Appeal also concluded that the impact between the Chevrolet truck and plaintiff’s car was not severe in force. While the evidence is conflicting on this point, a careful perusal of the testimony has convinced us that the collision was not as slight and as inconsequential as the defendant’s witnesses attempt to portray.
 

 The truck driver’s testimony convicts him of gross negligence. He stated that he was approaching the intersection at a speed of fifteen to eighteen
 
 miles
 
 per hour; that the street was wet; that two other automobiles were preceding him; that both of these cars stopped in obedience to the traffic signal and that he attempted to stop but, fearing that he would strike the car immediately in front of him, he swerved to the right and skidded into the rear of plaintiff’s car. He further says that his front bumper barely touched the rear bumper of the Chrysler and that the impact did not cause damage.
 

 Mrs. Magee, a witness for the defendant, stated that it was “a light collision”; however, she further declared that when the accident occurred she thought to herself that “here is where the truck driver gets a blessing out” and she admits that the bumpers of the two cars were “fastened”.
 

 On the other hand, plaintiff and her mother testified that, after the collision, the bumpers of the cars were overlapped and Mr. Harry F. Lee, a mechanic who estimated the damage to the Chrysler, stated that the right rear bumper had been sprung and that the right rear door was out of line. He further stated that it was evident to him that the car had been struck a “rather severe blow on the back bumper right side”.
 

 Whatever,may be said with respect to the severity of the impact, we have no doubt that it was of sufficient violence to have caused the plaintiff’s personal injuries.
 

 The Court of Appeal was correct in disallowing plaintiff’s claim for
 
 the
 
 damage to her car for the reason that it had not been proved with certainty. The mechanic,Mr. Lee, admitted that it was doubtful that all of the items of damage which he had estimated resulted from the accident and, while it is apparent from his testimony that the damage to the rear end of the Chrysler is attributable to the collision, it is impossible to ascertain from the estimate the cost necessary to repair that damage.
 

 
 *432
 
 The personal injuries received by the plaintiff were general contusions to the back and stomach and a sprained neck. These ailments, while painful, were not serious. No hard and fast rule can be adopted with respect to the amount of damages to be allowed for injuries of this type and each case must be governed by its own particular circumstances. The fact that plaintiff was pregnant at the time of the accident is a factor which should, be taken into consideration in fixing her damage for, unquestionably, the traumatic injuries aggravated the suffering which she would have normally endured. Moreover, it is not unreasonable to conclude that the plaintiff, in her delicate condition, suffered greater mental anguish than she would have experienced under ordinary circumstances.
 

 On the whole, we think that a judgment of $500 is appropriate.
 

 For the reasons assigned, the judgments of the District Court and the Court of Appeal are reversed and it is now ordered that there be judgment in favor of the plaintiff, Mrs. Gladys Mullens Broughton, and against the defendants, T. S. C. Motor Freight Lines, Inc., and Federal Underwriters • Exchange, in solido, for the full sum of $500 with legal interest thereon from judicial demand until paid and all costs of this suit.
 

 O’NIELL, C. J., concurs in the decree but not in the statement that the error of the two other courts was an error of law.